**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Webroot, Inc. and Open Text, Inc.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CrowdStrike, Inc. and CrowdStrike Holdings, Inc.,<br><br>        Defendants. | Civil Action No.<br>6:22-cv-00241-ADA<br><br>JURY TRIAL DEMANDED |
| CrowdStrike, Inc.,<br><br>        Counterclaim-Plaintiff,<br><br>    v.<br><br>Webroot, Inc. and Open Text, Inc.,<br><br>        Counterclaim-Defendants. | |

## <u>JOINT MOTION TO ENTER SCHEDULING ORDER</u>

**TO THE HONORABLE COURT:**

Pursuant to the Court's Standing Order Governing Proceedings (OGP) 4.1 – Patent Cases ("OGP"), the Parties submit the following Joint Motion to Enter a Disputed Scheduling Order. The parties agree to consolidate this case with four CRSR Related cases[1] that share the same asserted patents for purposes of *Markman*. *See* ECF No. 40 at 3–5. The parties also agree to a separate pre-*Markman* schedule for Counterclaim-Plaintiff's patents. *Id.* at 3. Finally, the parties

---

[1] Those four cases are: *Webroot, Inc. v. Sophos Ltd.*, 6:22-cv-00240-ADA-DTG; *Webroot, Inc. v. AO Kaspersky Lab*, 6:22-cv-00243-ADA-DTG; *Webroot, Inc. v. Trend Micro*, 6:22-cv-00239; and *Webroot, Inc. et al. v. Forcepoint*, 6:22-cv-00342-ADA.

agree on the pre-*Markman* schedule for Plaintiffs' patents.  However, the parties were unable to agree on all dates in a proposed Scheduling Order.  The parties' positions on this dispute are set forth below.  **Exhibit A** shows Plaintiffs Webroot, Inc. and Open Text, Inc.'s ("Plaintiffs") proposed dates**. Exhibit B** shows Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.'s proposed dates.  For simplicity in the summary below, the term "Plaintiffs" refers to Webroot, Inc. and Open Text, Inc. in their capacity as either Plaintiffs or Counterclaim-Defendants.  The term "CrowdStrike" refers to Defendant CrowdStrike Holdings, Inc. and Defendant and Counterclaim-Plaintiff CrowdStrike, Inc., collectively.  The term "Counterclaim-Plaintiff" refers to CrowdStrike, Inc.

**<u>Plaintiffs' Position:</u>**

This case is one of five CRSR related cases:  *Webroot, Inc. et al. v. Sophos Ltd.*, No. 6:22-cv-00240-ADA-DTG ("Sophos Case"); *Webroot, Inc. et al. v. AO Kaspersky Lab*, 6:22-cv-00243-ADA-DTG ("Kaspersky Case"); *Webroot, Inc. et al. v. Trend Micro, Inc.*, 6:22-cv-00239-ADA-DTG ("Trend Micro Case"); *Webroot, Inc. et al. v. CrowdStrike Holdings, Inc. et al.*, 6:22-cv-00241 ("CrowdStrike Case"); *Webroot, Inc. et al. v. Forcepoint, LLC*, 6:22-cv-00342-ADA ("Forcepoint Case").  Plaintiffs have asserted 5-7 patents against each Defendant.  Four of the Defendants have counterclaimed asserting patent infringement by Plaintiffs.

Plaintiffs' proposed case schedule should be entered because it is the only proposed schedule that (1) consolidates these five CRSR related cases on the same case schedule through Markman, discovery and pre-trial, and (2) essentially tracks the case deadlines set forth in the Court's OGP.  Plaintiffs request consolidation of these related cases on the same schedule through *Markman*, discovery, and pre-trial.  These cases should be consolidated because they clearly involve the same questions of fact or law and consolidation will promote efficiency and conserve

judicial resources. For example, the "X" in the table for the patents asserted in each related case

show that the patents in each case substantially overlap:

| Patent | Sophos | Kaspersky | Trend Micro | CrowdStrike | Forcepoint |
|--------|--------|-----------|-------------|-------------|------------|
| U.S. 8,726,389 | X | X | X | X | X |
| U.S. 10,599,844 | X | X | X | X | X |
| U.S. 8,418,250 | X | X | X | X | |
| U.S. 9,413,721 | X | | | | X |
| U.S. 9,578,045 | X | X | X | X | |
| U.S. 10,257,244 | X | X | X | X | |
| U.S. 10,284,591 | X | X | X | X | |
| U.S. 8,438,386 | | | | | X |
| U.S. 10,025,928 | | | | | X |

Given this substantial overlap, these cases will inevitably involve common questions of law and

fact concerning the asserted patents, their scope and their validity, and judicial efficiency will be

conserved by consolidating these cases for a single *Markman* proceeding as well as for fact

discovery and pre-trial proceedings. Indeed, the Court's OGP states that "[t]he Court intends to

coordinate the CRSR Related Cases on the same schedule with a single *Markman* hearing, so the

parties should plain accordingly." OGP 4.1 at 2.

Similarly, the patents Defendants have asserted by counterclaim will inevitably involve

common questions of fact and law that will benefit from consolidation.  For example, each

Defendant has accused the same products:  Webroot Endpoint products (including Webroot

SecureAnywhere Endpoint Protection) and Webroot/Brightcloud Threat Intelligence products.

*See,* Kaspersky Case, Dkt. 22 at ¶79; Trend Micro Case, Dkt. 18 at ¶18, CrowdStrike Case, Dkt.

29 at ¶26 and Forcepoint Case (Dkt 35 at ¶25). Thus, each case will inevitably involve common

questions of fact and law concerning the operation of Plaintiffs' products as it relates to

Defendants' infringement claims.  In addition, consolidation will avoid multiple depositions of

fact witnesses concerning the accused products and their operation.  Further, judicial resources

will be conserved by holding one *Markman* hearing related to the patents asserted by counterclaim

instead of multiple hearings, one for each Defendant.  Indeed, Defendants' propose just that—

asking for at least four separate *Markman* hearings in these related cases for the counterclaim patent assertions.

Plaintiffs' proposed case schedule not only consolidates these related cases on the same schedule, it also follows the timeline set forth in the Court's OGP. The Court's OGP instructs the Parties to "file a motion to enter an agreed Scheduling Order that generally tracks the exemplary schedule attached as **Exhibit A** to this OGP." OGP 4.1 at 2. The case schedule proposed by Plaintiffs does this. Per the Court's OGP, Kaspersky was the last CRSR defendant to file a response and that occurred on June 28, 2022, thus the case management conference is deemed to occur on July 19, 2022 OGP 4.1 at §1, pp. 1-2. The dates in Plaintiffs' proposed case schedule thereafter essentially track the deadlines set forth in OGP Schedule A for the patents asserted by Plaintiffs.[2]

Plaintiffs' proposed schedule likewise consolidates the case schedule along the OGP Appendix A timeline for the patents asserted by counterclaim. The case schedule generally triggers off the filing of a patent infringement complaint, and does not expressly address how to address later-filed patent infringement counterclaims. Plaintiffs' proposed schedule consolidates the counterclaim assertions in these related cases along the timeline in the Court's OGP by: 1) treating the filing date for each counterclaim as the date an original complaint was filed for purposes of determining a CMC date; and 2) selecting a consolidated CMC date that is between the CMC dates of each case. This approach is appropriate because Defendants' counterclaim allegations lag Plaintiffs' original patent infringement assertions by 10-15 weeks:

| Defendant | Initial Assertion Date | Counterclaim Date | Time Lag |
|---|---|---|---|
| AO Kaspersky | March 4, 2022 | June 28, 2022 | 13 weeks |
| Trend Micro | March 4, 2022 | May 16, 2022 | 10+ weeks |

---

[2] Some slight adjustment to dates, for instance, proposing the *Markman* for January 11 instead of January 4, were made at the Defendants' request in view of the Holiday season.

| Defendant | Initial Assertion Date | Counterclaim Date | Time Lag |
|---|---|---|---|
| CrowdStrike | March 4, 2022 | May 13, 2022 | 10 weeks |
| Forcepoint | March 31, 2022 | July 14, 2022 | 15 weeks |

When the patent infringement counterclaims are considered as a new complaint, the effective filing date, response date, and deemed CMC date for the counterclaim assertions are shown below:

| Defendant | Counterclaim Filing Date | Response Date | CMC Date |
|---|---|---|---|
| AO Kaspersky | June 28, 2022 | September 2, 2022 | September 23, 2022 |
| Trend Micro | May 16, 2022 | July 21, 2022 | August 11, 2022 |
| CrowdStrike | May 13, 2022 | July 18, 2022 | August 8, 2022 |
| Forcepoint | July 14, 2022 | September 16, 2022 | October 7, 2022 |

To achieve consolidation of the cases on the same schedule, Plaintiffs' proposed schedule selects a "mid-point" CMC Date for the cases where counterclaim patents are asserted (approximately August 30, 2022), and follows the deadlines reflected in Schedule A of the Court's OGP based on that "consolidated" case CMC date.[3]  In this manner, all asserted patents are adjudicated along the timeline set in the Court's OGP based on when the claims were asserted. Plaintiffs asserted patents proceed first because they were filed first, and the counterclaim patents that were filed 10-15 weeks are adjudicated after plaintiffs asserted patents since they were filed later.   Because Plaintiffs' proposed schedule consolidates these cases and conforms to the Court's OGP, it should be entered.

By contrast, Defendant's proposed schedule fails to consolidate these related cases, and results in unnecessary, staggered case deadlines across these CRSR related cases that do not follow the Court's OGP.  This is evident from the side-by-side comparison of **Exhibit C** in each case including the comparison Plaintiffs have prepared and attach as **Exhibit C** here. Defendants' proposed schedule includes dates that materially differ from the counterclaim patent *Markman* proceedings and hearing proposed by other defendants resulting in at least three Markman hearings

---

[3] Some slight adjustments to dates were made in view of the Holiday season and to avoid overlap with the trial of Plaintiffs' asserted patents.

instead of one hearing on Plaintiffs' asserted patents and one hearing on Defendants' counterclaim asserted patents. It also includes different dates for various fact discovery and pre-trial proceedings from the dates proposed by defendants in other related cases, which results in unnecessary complication and duplication of effort that accompanies staggered dates for the same events.

Most important, Defendant's proposed case schedule inappropriately seeks to prejudice Plaintiffs by delaying adjudication of Plaintiffs' patent infringement claims in favor of Defendants' counterclaim patents. For example, Defendants' proposed schedule bars Plaintiffs from commencing discovery on their patent infringement claims until two months after the *Markman* hearing on Plaintiffs' patents, and from that point on postpones all the normal OGP dates for adjudication of Plaintiffs' claims so they align with Defendants' counterclaim patent infringement assertions.   Defendants should not be allowed to use their later assertion of counterclaims to change the deadlines set forth in this Court's OGP and delay adjudication of Plaintiffs' patent infringement claims, essentially building in an automatic stay and allow time for Defendants' IPRs to further progress to the detriment of Plaintiffs.

Defendants' request to delay the trial of Plaintiffs' patents so that it can be combined with the counterclaim patents for trial should also be rejected because of the inevitable practical problems and juror confusion it poses. Here, Plaintiffs have asserted six patents and a one-week jury trial is enough time to try those claims but not enough time to try patent claims of two plaintiffs. The potential for juror confusion is highlighted by Defendant Trend Micro's position. Per Trend Micro, it seeks to use one of its asserted patents as invalidating prior art to one of Plaintiffs' asserted patents.  A patent asserted as invalidating prior art is different from proving that a product infringes that patent, and jurors may be confused as to what product or patent needs to meet the claim elements of what patent.  It is clearer and potential confusion is avoided by having one plaintiff and one defendant rather than having each party as plaintiff and defendant on

multiple, different patents. And while Defendants attempt to make much of the claims of overlapping documents, fact and expert witnesses, the certainty is that much more will be different (e.g., different patents, different prosecution records, different comparisons of patents to products, different prior art invalidity assertions) between the trial of Plaintiffs' patent claims and Defendants' counterclaims than any potential overlap.

Defendants' proposed schedule deviates from the OGP in a number of additional respects. For example, it includes several events that are not in the Court's OGP (*e.g.*, dates to narrow the number of claims and prior art references to a specific number), and proposes "TBD" for several events where the Court's OGP provides a specific timeline for the events (*e.g.*, joint notice related to pretrial disclosures and motions in limine, final pretrial conference, and Trial).  Narrowing the number of claims, patents and references is the purpose of the meet and confers under the OGP, it should not be set to arbitrary, rigid numbers at the outset of the case.  Further, there is no reason to place "TBD" for any of the dates clearly specified in the OGP.  The OGP sets clear dates for scheduling the filing of the joint notice identifying remaining objections, the Final pretrial conference, and the trial.  Defendants' attempt to have the trial date unspecified is clearly an attempt to use the schedule to their benefit in IPRs.  Defendant's proposed schedule should be rejected because it fails to consolidate these CRSR related cases, departs from the OGP in a manner that prejudices Plaintiffs and delays adjudication of Plaintiffs' claims.[4]

---

[4] Defendant's complaint about the deadline for inter-district transfer motions should be rejected. Defendant has had more than enough time (five months) to file a transfer motion, and in that time defendant chose instead to assert patent infringement counterclaims in this district.

**CrowdStrike's Position**

The parties agree to consolidate this case with four CRSR Related cases[5] that share the same asserted patents for purposes of *Markman*.  *See* ECF No. 40 at 3–5.  The parties also agree to a separate pre-*Markman* schedule for Counterclaim-Plaintiff's patents.  *Id.* at 3.  Finally, the parties agree on the pre-*Markman* schedule for Plaintiffs' patents.

The parties, however, dispute five main issues on the schedule:  (1) trying Counterclaim-Plaintiff's patents together with Plaintiff's patents; (2) accounting for the nature of this case in the schedule; (3) whether the schedule should include case narrowing deadlines; (4) whether the Court should set trial dates now; and (5) the deadline to file a motion for inter-district transfer.

**Trying Counterclaim-Plaintiff's Patents Together With Plaintiff's Patents**

Plaintiffs' only reason for not agreeing to Counterclaim-Plaintiff's proposed schedule is because Plaintiffs want the same schedule for all counterclaim patents in each of the CRSR Related cases.[6]  But there is no basis for keeping the schedule on the counterclaim patents in each of the CRSR Related Cases the same.  Indeed, in the Standing Order Governing Proceedings in Patent Cases 4.1 ("OGP"), one of the requirements for cases to be considered "CRSR Related Cases" is that they "share at least one common asserted patent."  The counterclaim patents asserted against Plaintiffs in each of the CRSR Related Cases, however, are ***all different patents*** and are not related.  Further, the parties are different in each of these cases.  Given this, while CrowdStrike agrees that for *Plaintiffs'* patents the schedule can be consolidated as CRSR Related Cases (as there are

---

[5]  Those four cases are: *Webroot, Inc. v. Sophos Ltd.*, 6:22-cv-00240-ADA-DTG; *Webroot, Inc. v. AO Kaspersky Lab*, 6:22-cv-00243-ADA-DTG; *Webroot, Inc. v. Trend Micro*, 6:22-cv-00239; and *Webroot, Inc. et al. v. Forcepoint*, 6:22-cv-00342-ADA.

[6]  CrowdStrike could not agree to jointly submit **Exhibit C** that Plaintiffs prepared because it does not accurately CrowdStrike's proposed schedule as reflected in **Exhibit B**, including because it does not correctly order CrowdStrike's proposed dates and included descriptions of the proposed dates that Plaintiffs, rather than CrowdStrike, drafted.

overlapping patents in these cases), there is no overlap between the counterclaims that the defendants assert in their respective cases against Plaintiffs.  Because there is no overlap, the defendants will not file consolidated briefs on claim construction nor present their disputes on claim construction as to the counterclaim patents at the same *Markman* hearing.[7]  Because of the need for different *Markman* hearings, the Court will likely need to implement different pre-*Markman* schedules on the counterclaim patents in each case.

The same applies for post-*Markman* dates, as the parties will be filing separate expert reports and dispositive motions, as the counterclaim patents are all different.  Although Plaintiffs contend that the same products are accused by the defendants' respective counterclaim patents in each case, that is not one of the bases for treating defendants' counterclaims as a CRSR Related Cases under the OGP and for good reason.  Such a reading of the OGP would be unwieldy and would be akin to consolidating disparate cases by disparate patentees who happen to accuse the same products of infringement.  While Counterclaim-Plaintiff is mindful of the need to minimize the burden on witnesses to the extent there is overlap between witnesses in each of the counterclaim cases, it is willing to work with Plaintiffs and the other defendants to coordinate any such depositions.

Separate from asking the Court to consolidate the counterclaim cases in each of the CRSR cases, Plaintiffs are essentially asking this Court to *bifurcate* this case between the Plaintiffs' patents and Counterclaim-Plaintiff's patents, which this Court and other courts have disfavored. The decision to order a separate trial is within the discretion of the district court.  *Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 206 CV 272, 2008 WL 1930299, at *7 (E.D. Tex. Apr. 30, 2008) (citing *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994)).   In making its

---

[7]  It would be prejudicial to force all counterclaim patents to consolidate briefing and arguments on claim construction on disparate and unrelated patents.

determination, the Court should consider the factfinder's role, which is to make a determination on the basis of the case presented in its entirety. *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008).  "Consequently, bifurcation in patent cases, as in others, is the exception, not the rule."  *Id.*  As in many courts, including the Eastern District of Texas, "bifurcation . . . is 'not the normal course of events, and a single trial will usually be more expedient and efficient.'"  *Pharmerica Corp. v. Advanced HCS*, No. 2:17-CV-00180-JRG, 2018 WL 3326822, at *1 (E.D. Tex. May 1, 2018) (citing 8-42 Moore's Federal Practice—Civil § 42.20 (2018); Fed. R. Civ. P. 42(b) Advisory Committee Note (1966)) (ordering a single trial because "[b]ifurcation is thus the exception, not the rule").  "Ordinarily, a jury is entitled to hear all of the evidence and deliberate over all of the issues in the case at one time."  *Id.* (citing *Miller v. Am. Bonding Co.*, 257 U.S. 304, 308 (1921) ("In actions at law the general practice is to try all the issues in a case at one time; and it is only in exceptional instances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subjects of separate trials.")).  In fact, there have been multiple cases before this Court where affirmative and counterclaim patents have proceeded on the same schedule.  *See, e.g.*, *Impinj, Inc. v. NXP USA, Inc.*, 6:21-cv-530 (W.D. Tex.) (ECF No. 42); *Via Trans., Inc. v. RideCo Inc.*, 6:21-cv-457 (W.D. Tex.) (ECF No. 27); *see also Seven Networks Inc v. Visto Corporation*, 2:05-cv-365 (E.D. Tex.) (ECF Nos. 32 and 97).  Thus, Plaintiffs' argument about the possibility of juror confusion rings hollow and does not give juries enough credit.

Likewise, according to the Federal Circuit, "[i]n deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation[.]"  *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986).  "Judicial economy would be promoted by one trial on all the relevant issues[.]"  *Iovate*

*Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, No. 9:07-CV-46, 2008 WL 11344912, at *2 (E.D. Tex. Mar. 28, 2008) (denying motion for bifurcating patent claims and counterclaims as "[i]t would be an inconvenience, as well as a waste [of] time for lawyers, witnesses and jurors, to say nothing of the court, to require the same issues to be rehashed and the same witnesses to testify more than once.").

There are a number of reasons for denying Plaintiffs' request to bifurcate and instead aligning the schedules for Plaintiffs' claims and Counterclaim-Plaintiff's counterclaims. Principally, the jury will receive a complete illustration of the facts that is fair to both parties if their respective claims are litigated and tried together on the same schedule post-*Markman*.  *See Affinity Labs of Texas v. Blackberry Ltd.*, No. WA:13-CV-362, 2014 WL 12551206, at *3 (W.D. Tex. Apr. 4, 2014 ("[T]he issue to be tried [separately] must be so distinct and separate from the others that a trial of it alone may be had without injustice.") (quoting *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993)).  Further, the parties' respective asserted patents are all directed to cybersecurity technology.  Therefore, there may be overlapping evidence and witnesses related to at least, licenses and licensing policies, marketing, sales, damages, prior art, the state of the art in the industry, and possibly also evidence related to the specific accused (and allegedly embodying) technology.

Case logistics and the discovery process for the eight total patents (two patents for Counterclaim-Plaintiff's case and six patents for Plaintiff's case) would also benefit from coordination.  For example, the parties can coordinate document collections and productions for trial exhibit lists more easily if the parties' claims remain on the same case schedule.  Deposition scheduling will also be more efficient as the parties would need only present their respective witnesses once for deposition on overlapping issues.  Not only will coordination of discovery conserve judicial resources, but it will also preserve party resources by eliminating redundant

discovery and motion practice.  Indeed, within the Fifth Circuit, "district judges have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973) (internal quotation marks omitted).  In maintaining judicial economy, Counterclaim-Plaintiff's proposed schedule would lead to one trial involving a single jury, instead of doubling resources to conduct two trials requiring multiple juries.  As Plaintiffs propose similar bifurcated schedules in the other four CRSR Related cases, multiple trials in those cases would further significantly compound the Court's docket, potentially resulting in at least nine different trials in these CRSR Related cases.[8]

With the commonality in technology and potentially overlapping issues (e.g., licenses and damages) combined with the fact that the parties' respective claims all involve common parties, the asserted issues are best served by a consolidated schedule.  *See Innovative Automation v. Audio Video & Video Labs, Inc.*, No. 6:11-CV-234 LED-JDL, 2012 WL 10816848, at *14 (E.D. Tex. May 30, 2012) (granting motion to consolidate, in part, because two actions involved same plaintiff and overlapping instrumentalities); *Arnold & Co. v. David K. Young Consulting*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013) (granting consolidation where common questions of law and fact existed).  To the extent the Court is inclined to adjust the Counterclaim-Plaintiff's schedule, the Counterclaim-Plaintiff is amenable to modifications to that schedule as long as the Counterclaim-Plaintiff's two asserted patents and Plaintiffs' six asserted patents are tried and litigated together.[9]

**CrowdStrike's Proposed Changes To The OGP To Account For The Nature Of This Case**

CrowdStrike proposes that the parties' respective patent claims generally follow the OGP

---

[8]   The defendants in four of five CRSR Related cases filed counterclaims.

[9]   For example, adopting Forcepoint's proposed schedule would also make sense here given that they are the latest-filed case.

schedule with a few minor changes based on the particular facts of the case.  These changes include that the parties proceed on the same schedule post-*Markman* with Plaintiffs' claims and Counterclaim-Plaintiff's claims tried together before a single jury, and extra time during expert discovery and pretrial to account for holidays and the fact that there are eight asserted patents in this case (six asserted by Plaintiffs and two asserted by Counterclaim-Plaintiff).

To align the schedules for Plaintiffs' patent claims with Counterclaim-Plaintiff's patent claims, Counterclaim-Plaintiff proposes that fact discovery and all post-*Markman* deadlines in the Court's Order Governing Proceedings commence only after the conclusion of Counterclaim-Plaintiff's *Markman* hearing.  Based on the parties' respective proposed schedules, this would result in less than a two-month delay in the start of fact discovery on Plaintiffs' claims, which is not a significant delay and would not prejudice Plaintiffs, especially as the schedule would funnel into a single trial.

The extra time is also warranted due to the additional burdens and time constraints imposed by the assertion of additional patents in the case.  Indeed, the Court's OGP expressly recognizes such additional pressure in cases involving a large number of patents and attempts to provide some relief to the parties by allowing for additional claim construction terms and briefing pages for claim construction based on the number of asserted patents.  OGP, § IX.  The extra time during expert discovery and pretrial in Counterclaim-Plaintiffs' proposed schedule will allow the parties to adequately litigate the eight asserted patents.

Counterclaim-Plaintiff's proposal also makes the most sense as it generally follows the OGP schedule while accounting for holidays and other scheduling related conflicts, which Plaintiffs' schedule does not address.  For example, Plaintiffs' proposal for exchanging extrinsic evidence related to the parties' respective claim-construction positions (which include the identity of any expert witnesses) is November 22, 2022, which falls during the week of Thanksgiving.

CrowdStrike's proposal moves this date to the following Tuesday (November 29, 2022).  Further, given that the claim-construction deadlines for Plaintiffs' patents will occur in parallel to the claim-construction deadlines on Counterclaim-Plaintiff's patents, Counterclaim-Plaintiff added some additional time to its schedule to allow the parties additional time between these deadlines.  The result is less than a two-week difference between Plaintiffs' proposed *Markman* hearing date and Counterclaim-Plaintiff's proposed *Markman* hearing date on its patents.  This small difference will not prejudice Plaintiffs and Plaintiffs have not identified any prejudice.

**Case Narrowing Deadlines**

The parties also dispute CrowdStrike's proposal for case narrowing deadlines that will require the parties to narrow asserted patent claims and prior art in two stages in preparation for trial.  Currently, Plaintiffs assert a total of 89 claims over six asserted patents.  Plaintiffs will need to narrow their case for presentation at trial and CrowdStrike's proposal provides a means by which to accomplish that narrowing.  CrowdStrike proposes two deadlines for case narrowing:  one deadline to occur after the parties serve final contentions following *Markman*, and a second deadline to occur following expert discovery.  This narrowing would allow the parties to know what claims are at issue when filing dispositive motions and preparing for trial.  This Court has imposed similar case narrowing deadlines in scheduling orders in other cases.  *See, e.g.*, *DexCom, Inc. v. Abbott Diabetes Care, Inc.*, No. 6:21-cv-00690, ECF No. 61 (W.D. Tex. Nov. 30, 2021) (scheduling order showing three deadlines for narrowing asserted claims prior to defendants serving preliminary invalidity contentions, along with two other dates for additional narrowing, with the resulting narrowing to nearly a third of the original asserted claims); *Honeywell Int'l Inc., et al. v. Zebra Techs. Corp.*, No. 6:21-cv-01010, ECF No. 31 (W.D. Tex. Jan. 12, 2022) (scheduling order showing two stages of deadlines for narrowing claims).

**Trial Dates**

It is premature to set a trial date in this case.  As explained above, there are five CRSR Related cases.  All five cases could not go to trial at the same exact time.  Furthermore, Plaintiffs filed complaints against other parties prior to filing its case against CrowdStrike.  It will be unclear which cases will remain as the cases progress toward trials.  Any CRSR cases that remain will be tried separately.  Accordingly, CrowdStrike request that the Court set trial later in the case.

**Deadline to File A Motion For Inter-District Transfer**

Plaintiffs filed its Complaint on March 4, 2022.  The OGP states that its section regarding Motions to Transfer "applies to all cases filed *on or after March 7, 2022*. Otherwise, the Second Amended Standing Order Regarding Motions for Inter-District Transfer controls earlier-filed cases." (emphasis added).  Since this case was filed before March 7, 2022, the Second Amended Standing Order Regarding Motions for Inter-District Transfer controls this case.  That Order states that an inter-district transfer motion may be filed before eight weeks of the scheduled *Markman* hearing without a showing of good cause and leave of court.  Since the parties agree that the *Markman* hearing on Plaintiffs' patent is January 11, 2023, the deadline for any inter-district transfer motion is November 15, 2022 (eight weeks before January 11, 2023).  Plaintiff's proposed deadline relies on the deadline set forth in OGP, which does not apply to this case as it was filed before March 7, 2022.

*        *        *

For these reasons, CrowdStrike respectfully requests that the Court adopt CrowdStrike's proposed schedule.

Dated: August 4, 2022                                   Respectfully submitted,

MARK D. SIEGMUND                              */s/ Jeffrey D. Mills*
  mark@swclaw.com                                JEFFREY D. MILLS
**STECKLER WAYNE**                             jmills@kslaw.com
**CHERRY & LOVE, PLLC**                     **KING & SPALDING LLP**
8416 Old McGregor Rd.                          500 W. 2nd Street, Suite 1800

Waco, Texas 76712
Telephone: (254) 651-3690
Telecopier: (254) 651-3689

STEVEN ROBERT SPRINKLE
  ssprinkle@sprinklelaw.com
**SPRINKLE IP LAW GROUP**
1301 W. 25th Street, Suite 408
Austin,Texas 78705
Telephone: (512) 637-9221
Telecopier: (512) 371-9088

Austin, TX 78701
Telephone: (512) 457-2027
Telecopier: (202) 626-3737

CHRISTOPHER C. CAMPBELL
  ccampbell@kslaw.com
PATRICK M. LAFFERTY
  plafferty@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 737-0500
Telecopier: (202) 626-3737

BRIAN J. EUTERMOSER
  beutermoser@kslaw.com
BRITTON F. DAVIS
  bfdavis@kslaw.com
**KING & SPALDING LLP**
1401 Lawrence Street, Suite 1900
Denver, Colorado 80202
Telephone: (720) 535-2300
Telecopier: (720) 535-2400

*Counsel for Webroot, Inc. and Open Text, Inc.*

Dated:  August 4, 2022

*/s/ David Nelson*
David Nelson
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N Upper Wacker Dr #2700
Chicago, IL 60606
Tel.: (312) 705-7400
Fax: (312) 705-7401

Victoria F. Maroulis
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Tel.: (650) 801-5000
Fax: (650) 801-5100

Deepa Acharya
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Tel.: (202) 538-8000
Fax: (202) 538-8100

Steven Callahan
Texas State Bar No. 24053122
scallahan@ccrglaw.com
**CHARHON CALLAHAN
ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Tel.: (214) 521-6400
Fax.: (214) 764-8392

*Counsel for Crowdstrike,inc. and
Crowdstrike Holdings, Inc.*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically

via U.S. District Court ECF Document Filing System, to all counsel of record, on this the 4th day

of August, 2022.

*/s/ Jeffrey D. Mills_____*
Jeffrey D. Mills