**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WEBROOT, INC. and OPEN TEXT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CROWDSTRIKE, INC., and CROWDSTRIKE HOLDINGS, INC., <br><br> Defendants. | Case No. 6:22-cv-00241-ADA-DTG <br><br> **JURY TRIAL DEMANDED** |
| CROWDSTRIKE, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> WEBROOT, INC. and OPEN TEXT, INC., <br><br> Counterclaim-Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR
INTRA-DISTRICT TRANSFER OF VENUE TO THE
<u>AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS</u>**

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | COST OF ATTENDANCE FOR WILLING WITNESSES FAVORS TRANSFER | 1 |
| II. | RELATIVE EASE OF ACCESS TO SOURCES OF PROOF FAVORS TRANSFER | 3 |
| III. | THE PRACTICAL FACTORS ARE AT LEAST NEUTRAL | 4 |
| IV. | RELATIVE LOCAL INTERESTS FAVORS TRANSFER | 5 |
| V. | ADMINISTRATIVE CONSIDERATIONS ARE AT LEAST NEUTRAL | 5 |
| VI. | CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Page**

### Cases

*Future Link Sys., LLC. v. Broadcom Inc.*,
    No. 6:21-CV-00264-ADA, 2022 WL 1063618 (W.D. Tex. Mar. 29, 2022) ............................. 3

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020) .................................................................................................. 5

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) .................................................................................................. 3

*In re Google Inc.*,
    No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ...................................................... 4

*In re Google LLC*,
    No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) .................................................... 3

*In re Google LLC*,
    No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) .............................................. 3, 4

*In re Juniper Networks, Inc.*,
    14 F.4th 1313 (Fed. Cir. 2021) .................................................................................................. 1

*In re: NetScout Sys., Inc.*,
    No. 2021-173, 2021 WL 4771756 (Fed. Cir. Oct. 13, 2021) .................................................... 4

*LoganTree LP v. Apple Inc.*,
    No. 6:21-cv-397-ADA, 2022 WL 1491097 (W.D. Tex. May 11, 2022) ................................... 4

*Magnacoustics, Inc. v. Resonance Tech. Co.*,
    No. 97-1247, 1997 WL 592863 (Fed. Cir. Sept. 25, 1997) ....................................................... 1

*Neo Wireless, LLC v. Dell Techs. Inc.*,
    No. 6:21-cv-24-ADA (W.D. Tex. Jan. 20, 2022) ................................................................. 3, 5

*Parus Holdings Inc. v. LG Elecs. Inc.*,
    No. 6:19-cv-432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020) ................................. 5

*PaSafeShare LLC v. Microsoft Corp.*,
    No. 6:20-cv-397-ADA, 2021 WL 1298933 (W.D. Tex. Apr. 7, 2021) ..................................... 3

*Stoll v. Rimini St., Inc.*,
    No. 21-cv-01930-JST, 2021 WL 6618642 (N.D. Cal. Sept. 14, 2021) ..................................... 2

*VoIPPal.com, Inc. v. Google LLC*,
    No. 6:20-cv-00269-ADA, 2022 WL 4546553 (W.D. Tex. Sept. 28, 2022) .............................. 3

*Webroot, Inc. v. AO Kaspersky Lab*,
    No. W-22-cv-243-ADA-DTG (W.D. Tex.) ...................................................................... 1, 4, 5

*XR Commc'ns, LLC v. Google LLC*,
   No. 6:21-cv-00625-ADA, 2022 WL 3702271 (W.D. Tex. Aug. 26, 2022) ........................... 2, 5

*XR Commc'ns, LLC v. HP Inc.*,
   No. 6:21-cv-694-ADA, 2022 WL 3448746 (W.D. Tex. Aug. 17, 2022) ................................... 5

Austin, not Waco, Division is clearly the more convenient forum for this case.[1] There are at least five relevant party witnesses and four additional relevant non-party witnesses in the Austin Division. In contrast, the parties have not identified *any* relevant witnesses in the Waco Division. Plaintiffs' contention that there may be *some* witnesses in Dallas and Waco, including two CrowdStrike sales employees with limited knowledge, is strained at best. Plaintiffs fail to explain the relevance of these witnesses, nor can it (*e.g.*, pointing to a witness related to the non-accused Zix product as the only witness in Dallas (Opp. at 6)). Further, both parties have offices in Austin and none in the Waco Division. And Plaintiffs have relevant hard copy and electronic documents in Austin. Austin is unquestionably the more convenient forum, and any alleged judicial economy in trying the CRSR Related Cases together does not outweigh this convenience.[2] Mot. at 12.

I.  **COST OF ATTENDANCE FOR WILLING WITNESSES FAVORS TRANSFER**

There are at least five relevant party[3] witnesses in the Austin Division and none in the Waco Division, which overwhelmingly favors transfer.[4] Two CrowdStrike witnesses—Messrs. Ellett and Slaton—in the Austin Division have relevant and material information and will be identified in CrowdStrike's forthcoming Rule 26 disclosures.[5] Mot. at 4; Dkt. 71 ("Amended Cecilio Decl."), ¶¶ 25-26. Plaintiffs ignore that the two CrowdStrike sales employees in the Waco

---

[1] CrowdStrike made clear it was not waiving any defense of venue in raising its counterclaims. *Webroot, Inc. v. AO Kaspersky Lab* ("Lead Case"), No. W-22-cv-243-ADA-DTG, Dkt. 66 at 97 (W.D. Tex.); *see also Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 WL 592863, at *2 (Fed. Cir. Sept. 25, 1997) ("The fact that the defendants asserted a counterclaim does not destroy their right to the protection of the venue statutes.").
[2] Plaintiffs do not contest that they could have filed this case in Austin. *See generally* Opp.
[3] This case involves four entities, as there are two CrowdStrike Defendants. Opp. at 3.
[4] The Federal Circuit recently rejected Plaintiffs' argument of discounting party witnesses. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021).
[5] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mot. at 4.

1

Division both report up to Mr. Slaton and lack access to sales records for customers outside of their sales regions, which exclude Texas. Mot. at 4; Amended Cecilio Decl., ¶¶ 14-15. Any relevant knowledge they may have would be cumulative and a limited subset of Mr. Slaton's knowledge.

Plaintiffs identified ▬▬▬▬, who lives and works in the Austin Division, and is knowledgeable about licensing and the patent portfolio management of the Asserted Patents. Ex. 43 at 17-19, 22, 25; Ex. 44 at 72:15-21; Amended Cecilio Decl., ¶ 6. Mr. ▬▬▬▬ statement that Waco is equally convenient as Austin for him (Dkt. 74-2 ("Loomis Decl."), ¶ 7) "strain[s] credulity" given that he has never been to Waco and the Waco courthouse is 80 miles (45 minutes) further away from his residence than the Austin courthouse.[6] Plaintiffs also employ at least two additional relevant witnesses who work and reside in the Austin Division—Marty Lourens[7] (Ex. 45) and David Petrini[8] (Ex. 46; Ex. 44 at 187:16-18). Amended Cecilio Decl., ¶ 6. Further, at least four patent prosecution attorneys from Sprinkle IP Law Firm (Steven Sprinkle, John Adair, Mark Berrier, and Bruce Johnson) are located in the Austin Division and are knowledgeable about the diligence, assignment, or prosecution of some of the Asserted Patents.[9]

If the trial is in Austin, the five party witnesses in Austin identified above will not need hotel rooms and any out-of-state witnesses may work at their respective company's Austin office

---

[6]  Ex. 44 at 246:19-21, 247:2-15; *Stoll v. Rimini St., Inc.*, No. 21-cv-01930-JST, 2021 WL 6618642, at *4 (N.D. Cal. Sept. 14, 2021); *see also XR Commc'ns, LLC v. Google LLC*, No. 6:21-cv-00625-ADA, 2022 WL 3702271, at *4 (W.D. Tex. Aug. 26, 2022) (declining to weigh the convenience of plaintiff's witnesses against transfer).

[7]  Mr. Lourens is the head of cloud operations and is knowledgeable about the deployment of the Counterclaim Accused Products. Ex. 44 at 128:5-130:13, 147:7-15.

[8]  Mr. Petrini is 1 of 2 people knowledgeable about the prosecution of the Asserted Patents and Plaintiffs' practicing products for marking purposes. Ex. 44 at 128:5-9, 263:10-264:21, 270:2-8.

[9]  Ex. 44 at 137:10-138:20, 178:14-22, 181:8-183:9, 184:11-185:6, 185:17-24; Amended Cecilio Decl., ¶ 6; Exs. 47-50.

while on standby.[10] Mot. at 10-11. But a trial in Waco would force **all** witnesses to spend time away from their homes.[11] Thus, this factor heavily favors transfer.

## II. RELATIVE EASE OF ACCESS TO SOURCES OF PROOF FAVORS TRANSFER

It is not disputed that CrowdStrike's Austin employees, who are knowledgeable about the sales and marketing of the Accused Products, create documents in Austin.[12] Mot. at 8. In their Austin office, Plaintiffs also ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as well as all electronic documents, including documents related to the Counterclaim Accused Products, in their ▇▇▇▇▇▇▇▇▇▇.[13] Ex. 43 at 16-17; Ex. 44 at 207:7-24, 210:21-25; *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Whether the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ has no bearing on the transfer analysis *today*.[14] Loomis Decl., ¶ 10. In contrast, neither party identified *any* documents or evidence that are stored or can only be accessed from Waco. Ex. 51 at 9-11; Ex. 44 at 222:24-223:17, 224:5-19; Mot. at 8-9.

Plaintiffs identify a single CrowdStrike customer ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇) in the Waco Division, but fail to assert whether this customer creates, stores, or maintains any relevant

---

[10] There are direct flights to Austin for out-of-state witnesses. Exs. 53-56; *Neo Wireless, LLC v. Dell Techs. Inc.*, No. 6:21-cv-24-ADA, Dkt. 60 at 8 (W.D. Tex. Jan. 20, 2022).
[11] *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021) (ruling that this factor favors transfer "when there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum"); *Future Link Sys., LLC. v. Broadcom Inc.*, No. 6:21-CV-00264-ADA, 2022 WL 1063618, at *3 (W.D. Tex. Mar. 29, 2022) ("[T]ime away from an individuals' home is a more important metric than distance.").
[12] *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021) (location of document custodians and where documents are created "bear on the ease of retrieval").
[13] Plaintiffs' case, *PaSafeShare LLC v. Microsoft Corp.*, is distinguishable, because CrowdStrike has identified specific, relevant documents in Plaintiffs' Austin office ▇▇▇▇▇▇▇▇▇. No. 6:20-cv-397-ADA, 2021 WL 1298933, at *3 (W.D. Tex. Apr. 7, 2021).
[14] *VoIPPal.com, Inc. v. Google LLC*, No. 6:20-cv-00269-ADA, 2022 WL 4546553, at *5 (W.D. Tex. Sept. 28, 2022) ("This factor looks to where documentary evidence . . . is stored presently, not where it will be collected in the future.").

documents or evidence (physical or electronic) in the Waco Division.[15] Opp. at 6. CrowdStrike has over 20,000 customers, so any one customer, without an explanation, cannot impact the transfer analysis. *See* Ex. 52. As part of an agreement between the parties, CrowdStrike identified its top 13 customers or partners based on Total Contract Value in the past fiscal year in the Waco, Austin, Dallas, and San Antonio Divisions. Of those 13, ▮ are in the Austin Division but none—including ▮▮▮▮▮▮▮▮▮▮▮—are in the Waco Division.[16] This factor favors transfer.

### III. THE PRACTICAL FACTORS ARE AT LEAST NEUTRAL

Any alleged judicial economy of litigating the five CSRS Related Cases together should not dictate how this Court rules on this Motion. The CSRS Related Cases involve different Asserted Patents, Counterclaim Asserted Patents, Accused Products, and issues. Lead Case, Dkt. 142. While Plaintiffs assert 12 of the 15 patents against CrowdStrike, only 5 patents overlap for all the CRSR Related Cases, but even there, Plaintiffs have asserted different claims against different products in each case. Declaration of Jonathan Tse ("Tse Decl."), ¶ 16. In addition, the co-defendants have counterclaimed 21 different patents against Plaintiffs and accused different products, such as Zix products, that have no relevance here. *Id.*, ¶ 17.

Any alleged judicial economy due to some overlap in the Asserted Patents, does not "outweigh the clear benefits of transfer," where there are witnesses and evidence in the Austin, but not Waco, Division. *In re: NetScout Sys., Inc.*, No. 2021-173, 2021 WL 4771756, at *4-5 (Fed. Cir. Oct. 13, 2021); *see In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017) (explaining that co-pending litigations do not "automatically tip the balance in non-

---

[15] *Google*, 2021 WL 5292267, at *2 (finding that location of creation and maintenance of documents as relevant to the sources of proof factor); *see also LoganTree LP v. Apple Inc.*, No. 6:21-cv-397-ADA, 2022 WL 1491097, at *2 (W.D. Tex. May 11, 2022) (focusing on location of physical evidence and "the hardware storing the relevant electronic documents").
[16] Plaintiffs admit that Zix is irrelevant to the transfer analysis. Ex. 44 at 90:16-92:11, 221:9-24.

movant's favor regardless of the existence of co-pending transfer motions and their underlying merits"). Four of the five co-defendants have moved to transfer (Tse Decl., ¶ 18), and this Court has previously transferred cases despite co-pending litigations. *See, e.g.*, *XR Commc'ns, LLC v. HP Inc.*, No. 6:21-cv-694-ADA, 2022 WL 3448746, at *7 (W.D. Tex. Aug. 17, 2022); *Neo Wireless*, Dkt. 60 at 14; *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-cv-432-ADA, 2020 WL 4905809, at *8 (W.D. Tex. Aug. 20, 2020). This Court should do the same here.

### IV. RELATIVE LOCAL INTERESTS FAVORS TRANSFER

Events giving rise to this Action occurred in the Austin Division, as there are relevant party witnesses with knowledge of sales and marketing the Accused Products (Mot. at 4), CrowdStrike's Austin headquarters has about ▮ employees and ▮ remote employees living in the Austin Division (Amended Cecilio Decl., ¶ 7), and Plaintiffs' Austin office has 56 employees.[17] Ex. 43 at 18. Conversely, neither party has identified any local interest in the Waco Division.

### V. ADMINISTRATIVE CONSIDERATIONS ARE AT LEAST NEUTRAL

Plaintiffs' cited statistics distorts the actual caseload and time-to-trial between the Austin and Waco Divisions. *Apple*, 979 F.3d at 1343-44 (endorsing consideration of statistics for ***all civil cases***). Plaintiffs' own delays have extended the time to trial in this case much closer to—and even exceeding—the Austin median.[18]

### VI. CONCLUSION

CrowdStrike respectfully requests that this case be transferred to the Austin Division.

---

[17] *In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020); *see also Neo Wireless*, Dkt. 60 at 11-13 (weighing this factor in favor of Austin Division because "the physical offices are in that division, and the employees reside closer to the Austin courthouse than the Waco courthouse").

[18] Trial is currently set for August 19, 2024 (Lead Case, Dkt. 142 at 9); thus, this case would take 899 days to reach trial, far exceeding the 721-day and 836-day median time to trial for IP cases for this Court and Judge Pitman, respectively, and much closer to the 909-day median time to trial for Judge Yeakel. Opp. at 13.

| | |
|---|---|
| Dated: January 6, 2023 | Respectfully submitted,<br><br>/s/ Steven Callahan<br>DAVID NELSON<br>**QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP**<br>191 N Upper Wacker Dr #2700<br>Chicago, IL 60606<br>Tel.: (312) 705-7400<br>Fax: (312) 705-7401<br><br>VICTORIA F. MAROULIS<br>**QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP**<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA 94065<br>Tel.: (650) 801-5000<br>Fax: (650) 801-5100<br><br>DEEPA ACHARYA<br>**QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP**<br>1300 I Street, NW, Suite 900<br>Washington, D.C. 20005<br>Tel.: (202) 538-8000<br>Fax: (202) 538-8100<br><br>STEVEN CALLAHAN<br>  Texas State Bar No. 24053122<br>  scallahan@ccrglaw.com<br>**CHARHON CALLAHAN<br>ROBSON & GARZA, PLLC**<br>3333 Lee Parkway, Suite 460<br>Dallas, Texas 75219<br>Tel.: (214) 521-6400<br>Fax: (214) 764-8392<br><br>*Counsel for Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.* |

7

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system and via e-mail on January 6, 2023.

/s/ Steven Callahan

STEVEN CALLAHAN